IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOB QUALEY,<br>　　　　Plaintiff,<br><br>vs.<br><br>U.S. METALS, INC.,<br>A Texas Corporation,<br>　　　　Defendant | )<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>) |

FILED: MAY 7, 2008
08CV2636   J. N.
JUDGE GETTLEMAN
MAG. JUDGE MASON

## COMPLAINT AT LAW

NOW COMES the Plaintiff, BOB QUALEY, by and through his attorneys, Law Offices of Thaddeus M. Bond Jr. & Associates, P.C., and complaining of Defendant U.S. METALS, INC., alleges and states as follows:

### JURISIDICTIONAL STATEMENT

1. This is a case for violation of the Illinois Sales Representative Act, 820 ILCS 102/1, et seq.

2. Plaintiff BOB QUALEY is and was at all times relevant hereto an adult resident of the State of Illinois with a domicile in South Elgin, Illinois.

3. Defendant U.S. METALS, INC. is a Texas corporation with its principal place of business located at 19102 Gundle, Houston, Texas, 77073.

4. There is a complete diversity of citizenship between the parties. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Jurisdiction therefore arises under 28 U.S.C. 1332.

## STATEMENT OF FACTS

6. Defendant is engaged in the business of supplying refineries, petro-chemical plants, power plants, and other related industries with piping components.

7. During portions of 2007 and for many years prior to that, Plaintiff was engaged as a sales representative for the Defendant who was compensated in part by commission.

8. In August 2007, Plaintiff voluntarily ceased providing sales representative services for the Defendant.

9. Prior to 2007, the Plaintiff received commissions equal to 5.5% of the profit of all orders generated by him. Said commissions were deemed earned at the time that the orders were billed and not when they were paid by the customer.

10. Prior to 2007, the Plaintiff also received commissions equal to 1.5% of the profit of all orders generated by sales representatives under his direction and control. Said commissions were deemed earned at the time that the orders were billed and not when they were paid by the customer.

11. During all of the time that the Plaintiff provided services for the Defendant, it was the custom and practice of the Defendant to pay all commissions earned in the prior fiscal year during the month of December.

12. On September 14, 2007, Steve Scott, president of the Defendant, authored an e-mail to the Plaintiff agreeing to pay the Plaintiff in December 2007 for commissions earned from the beginning of the prior fiscal year through the date of his separation.

13. During the last fiscal year for which the Plaintiff provided sales representative services to the Defendant, the Plaintiff was the sole procuring cause for

sales with a value of approximately $11,000,000.00 and with a profit of approximately $1,600,000.00.

14.     During the last fiscal year for which the Plaintiff provided sales representative services to the Defendant, sales representatives under his direction and control were the procuring cause for sales with a value of approximately $4,700,000.00 and with a profit of approximately $780,000.00.

15.     The Defendant has not paid any of the commissions due the Plaintiff for the final fiscal year during which the Plaintiff provided sales representative services, an amount equal to at least $100,000.00.

### COUNT I – VIOLATION OF ILLINOIS SALES REPRESENTATIVE ACT

16.     The Defendant is a principal of the Plaintiff within the meaning of Section 1 of the Sales Representative Act, 820 ILCS 120/1.

17.     Commissions due the Plaintiff have not been paid within 13 days of the termination of his relationship with the Defendant in violation of Section 2 of the Sales Representative Act, 820 ILCS 120/2.

18.     Under Section 3 of the Sales Representative Act, 820 ILCS 120/3, Plaintiff is entitled to exemplary damages up to 3 times the amount of the commissions owed plus reasonable attorney's fees and court costs.

**WHEREFORE** Plaintiff prays for judgment against Defendant in the amount of at least $400,000.00 as shown by the evidence plus reasonable attorney's fees and court costs and for such further relief as this Court deems just.

Respectfully Submitted,


s/Ted Bond, Jr.
Attorney for Plaintiff


Ted Bond, Jr.
Law Offices of Thaddeus M. Bond Jr. & Associates, P.C.
200 N. King Avenue, Suite 203
Waukegan, Illinois 60085
(847) 599-9101
ARDC#06205614