UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOB QUALEY,<br>Plaintiff,<br>v.<br>U.S. METALS, INC.,<br>Defendant. | ) | **Case No.: 08 CV 2636**<br>**Honorable Robert W. Gettleman** |

**U.S. METALS' MOTION TO DISMISS THE COMPLAINT AND MEMORANDUM IN SUPPORT**

Defendant U.S. Metals, Inc. ("U.S. Metals"), by and through its attorneys, hereby moves this Honorable Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of its motion, U.S. Metals states the following:

## I. INTRODUCTION

Plaintiff seeks at least $400,00 in alleged damages based solely upon U.S. Metals' alleged violation of the Illinois Sales Representative Act ("ISRA"), 820 ILCS 120 (West 2008). Plaintiff's Complaint is deficient because it fails to state a claim under ISRA, which does not extend to employees as defined under the Illinois Wage Protection and Collection Act ("IWPCA"). Plaintiff bears the burden of pleading his non-employee status, and he has failed to do so here. Therefore Plaintiff's Complaint should be dismissed because he was a U.S. Metals employee, and he is accordingly ineligible for any remedy under ISRA. Because Plaintiff will be unable to cure this defect through amendment, the dismissal of this Complaint should be with prejudice.

## II. COMPLAINT ALLEGATIONS

According to the allegations in the Complaint, U.S. Metals is engaged in the business of supplying refineries, petrochemical plants, power plants, and other related industries with piping components. (Compl. ¶ 6.) Qualey sold products as a sales representative for U.S. Metals and voluntarily ended his employment in August 2007. (*Id.* ¶¶ 7-8.) Qualey further alleges that he was compensated by U.S. Metals "in part" through commissions. (*Id.* ¶ 7.) Qualey expressly alleged that U.S. Metals is the "principal of the Plaintiff within the meaning of Section 1 of the Sales Representative Act, 820 ILCS 120/1." (*Id.* ¶ 16.) Qualey however, did not allege that he was not an employee of U.S. Metals. In particular, Qualey did not allege that he operated outside of U.S. Metals' control or direction, that he performed his duties outside of the usual course or usual places of business for U.S. Metals, and that he engaged in an independently established trade, occupation, profession, or business at the time of the relevant events. (*Id.* ¶¶ 1-18.)

## III. ARGUMENT

### A. ISRA Only Applies To Non-Employees.

ISRA specifically precludes recovery by those who qualify as 'employees of the principal (the employer) pursuant to the Illinois Wage Payment and Collection Act." 820 ILCS 120/1(4) (West 2006). *See Cronshaw v. Philips Medical Systems, Inc.*, No. 94 C 1446, 1994 WL 622173, at * 11 (N.D. Ill. Nov. 7, 1994) (holding that plaintiff could not recover under ISRA because he failed to establish that he was "excluded from the definition of 'employee' under the [IWPCA], and therefore included in the definition of a 'sales representative' under the [ISRA]"); *M.S. Kind Assoc., Inc. v. Mark Evan Prods., Inc.*, 584 N.E.2d 180, 181 (Ill. App. Ct. 1991) ("The General Assembly has patently found it desirable to promulgate the [ISRA] in order to protect

commissioned sales representatives ... who, by definition, do not qualify as employees entitled to the protections of the Wage Payment and Collection Act").

IWPCA defines "employee" broadly to include "any individual permitted to work by an employer in an occupation," but does not include any individual:

> (1) who has been and will continue to be free from control and direction over the performance of his work, both under his contract of service with his employer and in fact; ***and***
> (2) who performs work which is either outside the usual course of business or is performed outside all of the places of business of the employer unless the employer is in the business of contracting with third parties for the placement of employees; ***and***
> (3) who is in an independently established trade, occupation, profession or business.

820 ILCS 115/2 (emphasis added). A person therefore is an employee under IWPCA unless all three conditions are satisfied. *Pappe v. Wall Data, Inc.*, 934 F. Supp. 969 (N.D. Ill. 1996); *Anderson v. First American Group of Companies, Inc.*, 818 N.E.2d 743, 748 (Ill. App. Ct. 2004). Thus, a plaintiff can invoke the protections of ISRA only after establishing that he is not an employee, as statutorily defined by IWCPA.

**B. Plaintiff Failed To Plead That He Was Not An Employee Under IWPCA.**

To survive a motion to dismiss for a claim under ISRA, a plaintiff carries the burden of alleging facts indicating that he would be "free from defendants' control over performance of his work." *O'Brien v. Omni Pro Electronics, Inc.*, No. 96 C 50043, 1996 WL 459853, at *5 (N.D. Ill. Aug. 13, 1996). Further, a plaintiff must allege that he satisfies "clauses (2) and (3) of the provision [IWPCA]," *id.*, namely that the plaintiff performed work outside of the usual course or places of the employer's business and that the plaintiff works in an independently established profession or business. Where a "plaintiff has not alleged his non-employee status," under ISRA, the complaint will be dismissed. *Id.*

The Complaint here is fatally deficient because it does not allege Plaintiff's non-employee status. Plaintiff alleges only that he sold piping components for U.S. Metals as a sales representative. (Compl. ¶¶ 6-7.) Plaintiff also alleges that U.S. Metals paid him "in part" with commissions. (*Id.* ¶ 7.) Plaintiff further alleges that he voluntarily terminated his employment with U.S. Metals. (*Id.* ¶ 8.) Yet none of these allegations meet Plaintiff's burden of pleading his non-employee status. This failure is fatal.

In *O'Brien*, the court dismissed an account manager's ISRA claim for failing to allege that he was free from defendant's control over performance of his work. *O'Brien*, 1996 WL 459853, at *5. There, the plaintiff was hired to sell electronics to customers in Illinois and adjoining states, and was to be paid, in part, by commission. *Id.* at *1. The plaintiff was terminated about three months after he was hired and subsequently filed an action pursuant to ISRA alleging, *inter alia*, that the defendant failed to pay sales commissions earned. *Id.* at * 2. The court granted the defendant's motion to dismiss because the plaintiff failed to plead any facts indicating that he would not be an employee under IWPCA. *Id.* at *5.

Likewise, the Court should dismiss the Complaint here for Plaintiff's identical failure to plead that he was free from control by U.S. Metals over his work. In addition, Plaintiff must plead his non-employee status under IWPCA by alleging facts sufficient to show all three clauses of the exception to the definition of employee are satisfied. But Plaintiff's Complaint is completely devoid of any allegations that the work he performed was outside of the usual scope of U.S. Metals' business or that he performed that work outside of U.S. Metals' usual places of business. He also has made no allegations that he was engaged in an independently established business or profession, separate and apart from his employment with U.S. Metals. Lacking any of these allegations, let alone all three, Plaintiff's Complaint should be dismissed.

### C. Plaintiff Will Be Unable to Cure This Deficiency Through Amendment.

The right to amend a pleading is not absolute. *Glick v. Koenig*, 716 F.2d 265, 268-69 (7th Cir. 1985). "A district court does not abuse its discretion when it denies leave to amend where repleading would be futile." *DeSalle v. Wright*, 969 F.2d 273, 278 (7th Cir. 1992). To be clear, "[t]he liberal amendment rules under Rule 15(a) do not require courts to indulge in futile gestures." *Glick*, 716 F.2d at 268-69. In the instant case, Plaintiff should not be given leave to amend his Complaint, and it should be dismissed with prejudice. Plaintiff is unable to cure the deficiencies in his complaint through amendment, because it is clear that he does not meet the requirements to be a non-employee and is therefore precluded from any recovery under ISRA.

Plaintiff cannot recover under ISRA unless all three prongs of the non-employee test under IWPCA are satisfied. And Plaintiff cannot allege that he falls outside the broad scope of IWPCA. Because Plaintiff is unable to plead the existence of any of the three conditions necessary to be deemed a non-employee, dismissal of the Complaint with prejudice is appropriate.

First, Plaintiff has not and cannot dispute that he was an employee of U.S. Metals and that his duties and responsibilities were controlled and dictated by U.S. Metals. This Court has held that if the plaintiff's position was created by the plaintiff's employer and is a part of the employer's organization to the extent that the plaintiff is "hired, fired, paid, directed, and controlled" by the employer, then the plaintiff's position does not qualify as "an independent trade or occupation." *Cronshaw*, 1994 WL 622173, at *11. U.S. Metals created the position of sales representative and hired Plaintiff to do that job. As shown on the attached pay stub and retirement information form for the Plaintiff, U.S. Metals paid Plaintiff a salary as an employee and extended employee benefits to him, such as participation in the U.S. Metals' retirement plan.

(Oct. 4, 2007 ADP Wage & Tax Register, attached hereto as Ex. A; U.S. Metals Retirement Plan Employee Basic Information Screen Printout, attached hereto as Ex. B.) [1] In addition, U.S. Metals paid all federal and state taxes on behalf of Plaintiff, including Social Security taxes, and Plaintiff took advantage of the employee benefits offered to him, by electing to participate in U.S. Metals' employee retirement program. (*Id.*) As a result, Plaintiff would be unable to amend the Complaint to allege that he was not an employee because U.S. Metals hired, paid and could fire Plaintiff, such that he was an employee under IWPCA.

In addition, Plaintiff will be unable to plead that he worked independently of U.S. Metals in his own profession or business, which is another necessary condition to qualify as a non-employee under IWPCA and ISRA. Plaintiff's pay stub shows that U.S. Metals paid state unemployment insurance or "SUI" for Plaintiff (Wage & Tax Register, Ex. A), as it must do for every employee under Illinois law. 820 ILCS 405/1400 (West 2008). Employers, however, are not required to pay unemployment insurance for independent contractors. *Richardson Bros. v. Board of Review of Dept. of Emp. Sec.*, 555 N.E.2d 1126, 1127 (Ill. App. Ct. 1990) (indicating independent contractors are defined under the unemployment insurance act by the same three-pronged test for non-employee status contained in IWPCA). Plaintiff also received health, dental, and vision insurance through the U.S. Metals employee health insurance plan, further showing that he did not work independently in an established business or profession, apart from his employment at U.S. Metals. (U.S. Metals Benefits Plan Employee Information Screen Printout, attached hereto as Ex. C.) These documents demonstrate that Plaintiff was a U.S.

---

[1] The documents attached as exhibits to this motion can be considered in deciding this 12(b)(6) motion because they are implicitly referred to in the Complaint and are central to the claim. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

Metals employee and is therefore unable to state a claim under ISRA. Accordingly, Plaintiff's defective ISRA claim cannot be cured by amendment and must be dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, U.S. Metals respectfully requests for an order dismissing the Complaint against it with prejudice.

Dated: August 12, 2008

Respectfully submitted,

U.S. METALS, INC.

By: s/ Randall D. Lehner

Randall D. Lehner (6237535)
Kendric M. Cobb (6282673)
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606-7507
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that he caused true and correct copies of the preceding **Defendant's Motion to Dismiss the Complaint and Memorandum in Support** and **Defendant's Notice of Motion** to be served electronically via the United States District Court for the Northern District of Illinois' CM/ECF system on this 12th day of August 2008 upon the following counsel of record:

Ted Bond Jr., Esq.
Law Offices of Thaddeus M. Bond Jr. & Associates, P.C.
200 North King Avenue, Suite 203
Waukegan, Illinois 60085

s/ Kendric M. Cobb

# EXHIBIT A

REDACTED

QUALEY,ROBERT E
File: 001701 SSN: DEPT: 000095 Status: TERMINATED Gender: MALE
Qualified Pension: YES

TOTAL State 1: ILLINOIS (43) SUI Code: ILLINOIS (43)

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Gross Earnings | 116,258.55 Y | 16,684.60 Q | Medicare Wages | 116,258.55 Y | 16,684.60 Q | SUI Wages (Total) | 116,258.55 Y | 16,684.60 |
| Federal Wages | 100,758.55 Y | 16,684.60 Q | Medicare Withheld | 1,685.75 Y | 241.93 Q | SUI Wages (Taxable) | 11,500.00 Y | |
| Federal Withheld | 18,724.86 Y | 2,650.04 Q | FUTA Taxable | 7,000.00 Y | Q | 401 (k) | 15,500.00 Y | |
| Social Security Wages | 97,500.00 Y | Q | State Wages | 100,758.55 Y | 16,684.60 Q | | | |
| Social Sec. Withheld | 6,045.00 Y | Q | State Withheld | 3,022.70 Y | 500.52 Q | | | |

# EXHIBIT B

REDACTED

SSN: Name: ROBERT E QUALEY Participant Web Site

General Info. | Transaction History | Fees | Loan Info. | Vesting Info. | Acct. Balance | Select another participant

## Employee Basic Information

**SSN:**

**Name: ROBERT E QUALEY**

Birth Date: 09/29/1966
Death Date:
Gender: MALE
Enroll Status: Complete Application
Eligibility Class:
Participation Date:
Enroll Invite Date:
Enroll Notification Date:
Suppress Auto Enrollment Indicator:

Disability Date:
Marital Status: MARRIED
Account Status: TERMINATED
Language: ENGLISH
Participation Date Source:
Enroll Invite Reply Date:
Enroll Pin Date:

Home Phone:
Work Phone:
Email Address:

REDACTED

Add/Change Basic Info

## Income Data Information:

| Effective Date | Salary | Salary Frequency |
|---|---|---|
| 01/23/2006 | 100000 | ANNUAL |

Add/Change Income Info

## Employment Information:

| Employee Id | Hire Date | Term Date | Term Reason | Officer? | Highly Compensated? | Ownership Percent | Trade Monitoring Indicator |
|---|---|---|---|---|---|---|---|
| | 03/27/2000 | 08/17/2007 | | N | N | | |

Employment History

Add/Change Employment Info

Continue participant Enrollment into plan with Managed Accounts

## Elective Deferral:

| Status | Deferral Option | Effective Date mm/dd/yyyy | Deferral Type | Salary Reduction Percent | Salary Reduction Amount | Default Ind | Hardship End Date mm/dd/yyyy | Accel Def. Code | Accel Def. End Date mm/dd/yyyy | Max Catchu Amt |
|---|---|---|---|---|---|---|---|---|---|---|

| Current | Ongoing | 07/12/2001 | Before Tax | 7.00 |
|---|---|---|---|---|

Elective Deferral History

Add/Change Elective Deferral Info

**Employee Allocation Information as of:** 08/08/2008

| Investment Option | Fund Short Name | Deposit Period | Default Ind | Percent |
|---|---|---|---|---|
| Oakmark International II | IFSOI2 | 1 | | 50.00% |
| American Funds EuroPacific Growth R3 | 92AFEP | 1 | | 50.00% |

Add/Change Allocations

# EXHIBIT C

- Main Menu
- Employee
- Dependent
- Primary Care Physician
- Terminate Employee
- Terminate Dependent
- Reinstate Employee
- Reinstate Dependent
- Replacement ID Card Request
- Reports
- Find a Provider
- Create a Provider Directory
- Online Booklets/SPDs
- Service Request System New!
- Exit




Benlink Help
Benlink Training Tool
System Status

Source:WEBZ4AP

# Employee Information

To enter information for another Employee, enter a new Plan Number/Employee ID and click Search. Note: All dates must be in the mm/dd/yyyy format.

Plan Number 281637
Employee ID REDACTED
SEARCH

***ROBERT QUALEY***
*U.S. METALS, INC.*

| Field | Value |
|---|---|
| Original Effective Date | *05/01/2004* |
| Earliest Allowable Change | |
| Effective Date | *05/01/2004* |
| Change Effective Date* | |
| Member Status | Inforce |
| Dependent Coverage | *No* |
| Date Of Hire* | 03/27/2000 |
| Salary | |
| Salary Frequency | |
| Relationship * | Employee |
| Last Name* | QUALEY |
| First Name* | ROBERT |
| MI | E |
| Suffix | |
| Gender* | Male |
| Date Of Birth* | 09/29/1966 |
| Marital Status* | Married |
| Marriage Date | |
| SSN * | REDACTED |
| Address* | |
| City* | |
| State* | |
| ZIP* | |
| Home Phone* | |
| Medical Contract Number | |

| | |
|---|---|
| Dental Contract Number | |
| Benefit Group* | PPO,DENTAL IND,L/A 25K,VISION |
| Billing Group* | MAIN LOCATION |
| Family Comment | |
| Member Comment | |
| | SUBMIT CANCEL |