IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BOB QUALEY,<br>           Plaintiff, | )<br>)<br>) |
| vs. | )<br>)  Case No. 08 CV 2636 |
| U.S. METALS, INC.,<br>A Texas Corporation,<br>           Defendant | )<br>)<br>) |

**RESPONSE TO MOTION TO DISMISS**

NOW COMES the Plaintiff, BOB QUALEY, by and through his attorneys, Law Offices of Thaddeus M. Bond Jr. & Associates, P.C., and for his Response to the Motion of Defendant, U.S. METALS, INC. to Dismiss his Complaint, states as follows:

The Defendant's Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) which allows for dismissal of a case for "failure to state a claim upon which relief can be granted." A Rule 12(b) motion to dismiss should be granted only where it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. The plaintiff's factual allegations must be accepted as true and the court must draw all inferences in favor of the plaintiff. Utendahl v. IRS/Treasury Dep't (2003, ED NY) 2003-2 USTC P 50728, 92 AFTR 2d 7186. Courts generally disfavor Fed. R. Civ. P. 12(b)(6) motions to dismiss and only grant such motions in rare circumstances. Altadis USA, Inc., v. NPR, Inc. (2004, MD Fla) 308 F Supp 2d 1304, 2004 AMC 1080, 17 FLW Fed D 482.

The Defendant asserts that the Plaintiff was its employee and is therefore not entitled to the protections afforded by the Illinois Sales Representative Act (ISRA).

1

Careful review of that statute and the supporting case law shows that certain employees, such as the Plaintiff, are entitled to avail themselves of the treble damages and attorney's fees provisions contained in ISRA.

Section 1(3) of ISRA, 820 ILCS 120/1(3) defines a principal as a "corporation…which a) manufactures, produces, imports, or distributes a product for sale; b) contracts with sales representatives to solicit orders for the product; and c) compensates the sales representative, in whole or in part, by commission." Paragraph 6 of Plaintiff's Complaint alleges "Defendant is engaged in the business of supplying refineries, petro-chemical plants, power plants, and other related industries with piping components." Paragraph 7 alleges "During portions of 2007 and for many years prior to that, Plaintiff was engaged as a sales representative for the Defendant who was compensated in part by commission."

Section 1(4) of ISRA, 820 ILCS 120/1(4) defines a sales representative as "a person who contracts with a principal to solicit orders and who is compensated, in whole or in part, by commission." See the above stated allegations of Paragraph 7 of Plaintiff's Complaint. An exception exists for "one who qualifies as an employee of the principal pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq."

Section 2 of ISRA, 820 ILCS 120/2, requires that the principal pay a sales representative all commission which came due within 13 days of the termination of a contract between the sales representative and a principal. Under Section 3 of ISRA, 820 ILCS 120/3, a principal who fails to timely pay the amounts due under Section 2 shall be liable for exemplary damages up to three times the amount owed plus payments of reasonable attorney's fees and court costs.

The issue to be decided in this Motion is whether the Plaintiff qualifies as a sales representative. Plaintiff's Complaint alleges that he was a sales representative of the Defendant, that the Defendant was his principal and that he was compensated in part by the payment of commissions. For purposes of this Motion brought under Federal Rule of Civil Procedure 12(b)(6), the Court must assume that those allegations are true.

Defendant's Motion turns entirely on their assertion that the Plaintiff was an employee and not a sales representative. Arguing that they withheld payroll taxes from the Plaintiff and extended him certain employment benefits, the Defendants assert that the Plaintiff is entitled only to the benefits provided by the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA") and not the benefits of ISRA.

In Pfeifer vs. Metropolitan Siding and Windows, Inc., 03 C 7312, 2004 U.S. Dist. Lexis 2742 (N.D. Ill. 2004), the Plaintiff former marketing manager sued defendant former employer alleging that the employer still owed him commission. The employer moved to dismiss under Fed. R. Civ. P. 12(b), arguing that the Plaintiff was an employee of the Defendant and was not entitled to the benefits of ISRA. The court denied the motion to dismiss, finding that it had insufficient facts to justify dismissal. The issue of whether the Plaintiff was an employee or a sales representative was a question of fact more appropriately addressed by a motion for summary judgment.

In Weyent vs. Vertical Networks, Inc., 03 C 4214, 2004 U.S. Dist. Lexis 1354 (N.D. Ill. 2004), the plaintiff former salesman sued the defendant company alleging claims for quantum meruit and unjust enrichment, violation of ISRA and IWPCA and for tortious interference with contract based on the defendants' failure to pay him the compensation that was due to him under the two sales compensation plans. The

Defendants moved to dismiss the claim. Although the salesman failed to make any allegation stating that he was a sales representative instead of an employee, he adequately placed the company on notice of the ISRA claim; it could reasonably have been inferred from the complaint that he claimed to be a sales representative. Whether the defendants were Illinois employers for purposes of the Illinois Wage Payment and Collection Act was a question of fact. The motion to dismiss was denied.

Whether an employee qualifies as an "employee" under the IWPCA is a mixed question of law and fact. Whether the plaintiff's position fits the statutory definition of "employee" is a factual question and interpreting Section 2 is a legal question. Anderson v. First Am. Group of Cos., 353 Ill. App. 3d 403, 288 Ill. Dec. 808, 818 N.E.2d 743, 2004 Ill. App. LEXIS 1143 (1 Dist. 2004).

The Defendants cite with favor Cronshaw vs. Philips Medical Systems, Inc., 94 C 1446. In an April, 1994 ruling in that case reported at 1994 U.S. Dist. LEXIS 4124, the Court refused to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), finding that the complaint alleged that the employee was "employed" and compensated by both salary and commission. The Court found that under such allegations it was impossible to determine whether the contractor was a "sales representative" entitled to exemplary damages or a mere contractor as defined by IWPCA. The Court denied the corporation's motion to dismiss. Only after discovery was conducted and the parties filed motions for summary judgment did the Court address the Defendant's claims that the Plaintiff was not a sales representative. See 1994 U.S. Dist. LEXIS 15929 (N.D. Ill. Nov. 2004). The Court concluded that the Plaintiff was an employee and denied the exemplary damages allowed by IRSA. However, the Court did grant summary judgment in favor of the employee as

to the commissions and bonuses earned up to his termination based on claims under the IWPCA and for breach of contract.

The Defendant correctly asserts that an employee as defined in Section 2 of the IWPCA, 820 ILCS 115/2, is not entitled to the exemplary damages provided by IRSA. Section 2 creates a three prong test for determining who is an employee. Defendant's Motion takes issue with the Plaintiff's failure to plead with specificity that he is not an employee under IWPCA. Since his Complaint is not brought under that Act, it seems wholly unnecessary for him to plead whether it applies to him. More importantly, the Plaintiff has plead that he is a sales representative within the meaning of Section 1(4) of ISRA, 820 ILCS 120/1(4), and this Court must accept that allegation of fact as true for purposes of this Motion.

Even if this Court agrees that the Plaintiff is not entitled to the protections afforded by ISRA, a dismissal with prejudice is not warranted. Paragraph 12 of Plaintiff's Complaint alleges that "On September 14, 2007, Steve Scott, president of the Defendant, authored an e-mail to the Plaintiff agreeing to pay the Plaintiff in December, 2007 for commissions earned from the beginning of the prior fiscal year through the date of his separation." Thus an alternative claim for breach of contract, quantum meruit and/or unjust enrichment could be plead in an amended complaint.

As even the Defendant admits, the Plaintiff would still be entitled to seek redress under the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq. ("IWPCA") if his ISRA claims are rejected. If this Court believes that ISRA does not apply here, the Plaintiff suggests that at most the Court should dismiss the ISRA claim but deny a dismissal with prejudice so that the Plaintiff may pursue alternative remedies via an

amended complaint. The Defendant's Motion does not dispute that the Plaintiff earned commissions that have not been paid.

WHEREFORE, the Plaintiff respectfully prays that this Court deny the Motion to Dismiss and for such other further relief as this Court deems just.

Respectfully Submitted,

s/Ted Bond, Jr.
Attorney for Plaintiff

Ted Bond, Jr.
Law Offices of Thaddeus M. Bond Jr. & Associates, P.C.
200 N. King Avenue, Suite 203
Waukegan, Illinois 60085
(847) 599-9101
ARDC#06205614

**CERTIFICATE OF SERVICE**

      I, Ted Bond, Jr., an attorney, hereby certifies that he caused true and correct copies of the preceding Response to Motion to Dismiss to be served electronically via the United States District Court for the Northern District of Illinois' CM/ECF system on this 28th day of August, 20008 upon the following counsel of record:

    Mr. Randall D. Lehner and Mr. Kendric M. Cobb
    Reed Smith, LLP
    10 South Wacker Drive
    Chicago, IL 60606-7502

                                                s/Ted Bond, Jr.