IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BOB QUALEY, | ) | |
| | ) | |
| Plaintiff/Counter-Defendant, | ) | No. 08 C 2636 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| U.S. METALS, INC., a Texas corporation, | ) | |
| | ) | |
| Defendant/Counter-Plaintiff, | ) | |
| | ) | |
| SPECIALTY PIPING PRODUCTS, LLC, | ) | |
| . | ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Bob Qualey has sued his former employer defendant U.S. Metals, Inc. claiming: (1) violations of the Sales Representative Act, 820 ILCS 120/1 (the "SRA"); (2) commissions due to the plaintiff that have not been paid within 23 days of the termination of his relationship with the defendant, in violation of Section 2 of the SRA, 820/2; and (3) exemplary damages up to three times the amount of the commissions owed plus reasonable attorney's fees and court costs under section 3 of the SRA, 820 ILCS 120/3 .

Defendant answered and filed a two count counterclaim against plaintiff and a company he started, Specialty Piping Products, LLC ("SPP"), alleging that plaintiff breached his fiduciary duty of loyalty (Count II) and unjust enrichment (Count II). Plaintiff has moved to dismiss the counterclaim, pursuant to Rule 12(b)(6) or, in the alternative, for a more definite statement under Fed. R. Civ. P. 12(e). For the reasons discussed below, that motion is denied.

**FACTS**

For the purposes of a motion to dismiss, the court accepts all well-pleaded allegations as true and draws all reasonable inference in favor of plaintiff. *Travel All over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1428 (7th Cir.1996). Defendant is engaged in the business of supplying piping components to refineries, petrochemical plants, power plants, and other related industries. Plaintiff was employed by defendant as a sales representative during portions of 2007 and for many years prior to that. Plaintiff resigned from his employment with defendant in or around July of 2007, but did not cease working there until August, 2007.

The counterclaim alleges that plaintiff established SPP, a direct competitor of defendant, while plaintiff was still employed by defendant. Plaintiff did not inform defendant of SPP, and at one point affirmed that he had no intention of competing with defendant. Defendant further alleges that prior to ceasing his employment, plaintiff was able to acquire confidential information regarding defendant's customers, which has been and /or continues to be used to benefit plaintiff and SPP. Defendant alleges that plaintiff has caused one or more of U.S. Metals' customers to terminate or diminish their patronage of U.S. Metals in favor of SPP. As a result, defendant claims it has suffered monetary damages through the loss and/or reduction of its customer base and the corresponding reduction of revenue. Finally, defendant seeks: (1) reimbursement for all sums paid to plaintiff as an employee during the period of his fiduciary breaches; (2) damages equal to its economic losses proximately caused by the fiduciary breaches; and (3) economic damages equal to the unjust enrichment of defendant and SPP as measured by their profits, earnings and other forms of compensation.

**DISCUSSION**

A motion to dismiss a counterclaim under 12(b)(6) is treated the same as a motion to dismiss a complaint. *KRW Sales, Inc v. Kristel Corp.*, 154 F.R.D. 186, 187 (N.D. Ill.1994). The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir.1990). Federal notice pleading "requires 'only a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081, (June 4, 2007) (citing Bell *Atlantic Corp. v. Twombly*, 550 U.S. 544 , 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007). When ruling on a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the claimant. *Moranski v. General Motors Corp.*, 433 F.3d 537, 539 (7th Cir.2005). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1964-65.

In Count I of the counterclaim, defendant alleges plaintiff breached his fiduciary duty of loyalty: (1) by competing with U.S. Metals and usurping actual and/or potential corporate opportunities rightfully belonging to U.S. Metals, without U.S. Metals' knowledge or consent; (2) by depriving U.S. Metals of the fair and full value of plaintiff's services while he was employed by U.S. Metals; and (3) causing U.S. Metals to suffer economic damage in an amount to be determined at trial, including, but not limited to reimbursement of all sums paid to plaintiff as an employee during the period of his breach.

Plaintiff argues that defendant has failed to allege a fiduciary duty because plaintiff did not enter into a written non-competition, non-solicitation, or confidentiality agreement with defendant. The court is not persuaded by this argument. To state a claim for a breach of a

fiduciary relationship, plaintiff must allege that the defendant owed a fiduciary duty to the plaintiff, and that duty must exist as a matter of law. See *Mid-America Natl. Bank of Chicago v. First Savings and Loan Assoc. of South Holland*, 161 Ill.App.3d 531, 113 Ill.Dec. 367, 515 N.E.2d 176, 181 (Ill.App.1987). It is well-settled under Illinois law that an employee owes a duty of fidelity and loyalty to his employer. *ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.*, 62 Ill.App.3d 671, 20 Ill.Dec. 160, 379 N.E.2d 1228, 1237 (Ill.App.1978). Accordingly, a fiduciary cannot act inconsistently with his agency or trust by soliciting his employer's customers for himself, or enticing coworkers away from his employer. *Id*. An employee's duties of fidelity and loyalty cease, however, once the employment relationship ends. *Prudential Ins. Co. of Am. v. Van Matre*, 158 Ill.App.3d 298, 110 Ill.Dec. 563, 511 N.E.2d 740, 748 (Ill.App.1987). To the extent that defendant's counterclaim for breach of fiduciary duties is based on activities that plaintiff performed while he was employed by defendant, Count I states a claim.

Defendant also alleges in Count I of the counterclaim that plaintiff's breach of his fiduciary duty of loyalty has caused U.S. Metals to suffer economic damages in an amount to be determined at trial, including, but not limited to reimbursement of all sums paid to plaintiff as an employee during the period of his breach. Plaintiff argues that these are special damages that must be alleged with specificity under Fed. R. Civ. P. 9(g).

Special damages are damages that are unusual for the type of claim in question—that are not the natural damages associated with such a claim. *Neal v. Honeywell, Inc*, 191 F.3d 827, 832 (7th Cir. 1999). Such damages must be pled with particularity. *Avitia v. Metropolitan Club*, 49 F.3d 1219, 1226 (7th Cir. 1995). Plaintiff has failed to reach the threshold requirement of

4

explaining why the damages alleged in the counterclaim are not naturally associated with the claim. Accordingly this court concludes that the complaint does not meet the requirement for special damages under Rule 9(g).

Count II of the counterclaim alleges that plaintiff was unjustly enriched. The essence of this claim is that it would be unfair to allow the recipient to retain the enrichment. *Firemen's Annuity and Ben. Fund of City of Chicago v. Municipal Employees', Officers', and Officials' Annuity and Ben. Fund of Chicago*, 219 Ill.App.3d 707, 162 (Ill.App.1991). To state a claim, a party need only allege that there has been unjust retention of a benefit to the parties' detriment. *Id*. Count II meets this requirement.

In the alternative, plaintiff seeks a more definite statement under Fed. R. Civ. P. 12(e). A more definite statement may be required when a complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Rule 12(e) motions are generally disfavored and should only be used to "clear up confusion and not to replace traditional discovery." *Direct Communications, Inc v. Horizon Retail Const*., Inc, 387 F.Supp.2d 828, 831 (N.D.Ill. 2005). To satisfy Rule 12(e), a plaintiff is not required to plead a prima facie case; that is, he is not required to plead facts in support of each element of a claim. *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002). Under ;7326;7326Rule 8, Plaintiff "need only provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Sterling Federal Bank, F.S.B. v. Credit Suisse First Boston Corp*, 2008 WL 4924926 (N.D.Ill. 2008).

In Count II, plaintiffs argue that the counterclaim should include: (1) the names of any customers lost by the defendant as a result of the alleged conduct of the plaintiff; (2) what

confidential or protected information was allegedly taken from the defendant by the plaintiff; (3) how, when and where the plaintiff violated his duty of fiduciary loyalty to the defendant; and (4) what economic losses or special damages were suffered by the defendant as a result of the plaintiff's conduct. These are details that can be learned in discovery. The counterclaim clearly complies with Rule 8(a). The motion for a more definite statement under rule 12(e) is denied.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to dismiss the counterclaim or for a more definite statement is denied. Plaintiffs and counter defendants SPP shall answer the counterclaim on or before April 30, 2009. This matter is set for a status report on May 7, 2009, at 9:00 a.m.

**ENTER:** April 8, 2009

_____
**Robert W. Gettleman**
**United States District Judge**